UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| JUSTIN W. CROWDER, ) | |
| ) | |
| *Plaintiff,* ) | |
| v. ) | |
| ) | No. 1:11-cv-306 |
| HAMILTON COUNTY SHERIFF'S OFFICE, ) | *Chief Judge Curtis L. Collier* |
| C/O PLANNER, C/O THOMAS, C/O ) | |
| TERRELL, CHIEF PARSON, MEDICAL ) | |
| STAFF NURSES JEFF, PAT, DAWN, and ) | |
| AARON, PA ROBERT SHUTZ and BEVERLY,) | |
| ) | |
| *Defendants.* ) | |

## MEMORANDUM

This suit arises under 42 U.S.C. § 1983. Plaintiff Justin W. Crowder ("Plaintiff") alleges his constitutional right to medical care was denied when he cut his finger on October 21, 2011, on his bunk at 1:30 p.m.. Plaintiff notified officers on second shift around 3:00 p.m. that his finger was bleeding, but was not called to medical for treatment until 10:00 p.m. In sum, Plaintiff complains about the delay in receiving some unidentified medical treatment for his bleeding finger. Plaintiff also states he is scared of the officers and needs to file an injunction (Court File No. 4).

For the reasons explained below, no service shall issue and this complaint will be **DISMISSED** *sua sponte* (Court File Nos. 2, 4).[1]

**I.     Motion to Amend**

Plaintiff has filed a motion requesting to amend his amended complaint by adding Sheriff

---

[1]     Plaintiff initially filed a deficient complaint (Court File No. 2). Finding the initial complaint deficient, the Court required Plaintiff to file a amended complaint (Court File No. 4), informing him that his amended pleading would supersede his original pleading (Court's Order, Court File No. 3).

Jim Hammond as a defendant and the names of the defendants he named in his amended complaint (Court File No. 6). Aside from the fact the Court has concluded the complaint must be dismissed, Plaintiff's motion to amend will be **DENIED** as he does not allege any constitutional violation against Sheriff Hammond, and the other defendants are named in his amended complaint (Court File No. 6).

## II. Application to Proceed *In Forma Pauperis*

It appears from the application to proceed *in forma pauperis* submitted by Plaintiff that he lacks sufficient financial resources at the present time to pay the required filing fee of $350.00. Since Plaintiff is a prisoner at the Hamilton County Jail in Chattanooga, TN, he will be **ASSESSED** the civil filing fee of $350.00 under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321 (1996), codified in 28 U.S.C. § 1915. Therefore, Plaintiff's motion to proceed *in forma pauperis* will be **GRANTED IN PART** and **DENIED IN PART** (Court File No. 1). Plaintiff's motion to proceed *in forma pauperis* is **GRANTED** to the extent Plaintiff can file his complaint without the prepayment of the full filing fee but **DENIED** to the extent the filing fee will not be waived. Therefore, Plaintiff is not relieved of the ultimate responsibility of paying the $350.00 filing fee, but rather, is **ASSESSED** the entire filing fee and permitted to pay it in installments in accordance with the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 28 U.S.C. § 1915(b)(1); *see McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *abrogated on other grounds, Jones v. Bock*, 549 U.S. 199, 205 (2007).

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Plaintiff's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, 200 South Jefferson Street, Room 201, Winchester, Tennessee 37398, as an initial partial

payment, whichever is the greater of

> (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or
>
> (b) twenty percent (20%) of the average monthly balance in Plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court will be **DIRECTED** to send a copy of this memorandum and order to the Sheriff and Custodian of Inmate Trust Fund Accounts at the Hamilton County Jail in Chattanooga, Tennessee, the Commissioner of the Tennessee Department of Corrections, and the State Attorney General to ensure the custodian of Plaintiff's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of Plaintiff **SHALL** collect the filing fee as funds become available. This order shall become a part of Plaintiff's file and follow him if he is transferred to another institution. The agency having custody of Plaintiff shall continue to collect monthly payments from his prisoner account until the entire filing fee of $350.00 is paid.

**III.    Standard of Review**

*A.    Pro Se Pleadings*

All well-pleaded factual allegations contained in a complaint must be sufficient "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Mere "labels and conclusion" will not do. *Id.* at 555. A *pro se* pleading, however, must be

3

liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Nevertheless, *pro se* status does not exempt the plaintiff from the requirement that he comply with relevant rules of procedural and substantive law. *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). *Pro se* plaintiffs must comply with Rule 8 of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1104 (6th Cir. 1995). Although the standard of review is liberal, it does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. Of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (standard of review for dismissing a complaint pursuant to Fed. R. Civ. P. 12(b)(6)-failure to state a claim upon which relief may be granted); *LRL Properties*, 55 F.3d at 1103-04; *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993); *Hartfield v. East Grand Rapids Public Schools*, 960 F. Supp. 1259, 1268 (W.D. Mich. 1997).

### B. *Screening Pursuant to 28 U.S.C. §§ 1915A and 1915(e)*

The Court screens the complaint pursuant to 28 U.S.C. § 1915A and § 1915(e). Title 28 U.S.C. §§ 1915(e)(2), 1915A, and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss complaints filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous or fail to state a claim upon which relief can be granted. *See McGore v. Wrigglesworth*, 114 F.3d at 608.

### IV. Facts

On October 21, 2011, Plaintiff cut his finger on the corner of his bunk. Plaintiff had

4

previously requested the bunk be repaired. Plaintiff notified Deputy Planner and Deputy Thomas of his injury and was told they would contact medical. Deputy Planner subsequently notified Plaintiff he had notified medical but since he was not bleeding to death or dying, he would have to wait until they got to him. Plaintiff's finger continued to bleed. While dispensing the night medication to inmates, Nurse Jeff looked at Plaintiff's finger at approximately 9:00 p.m. and told Plaintiff he would call him to medical. Plaintiff was called to medical at approximately 10:00 p.m. that evening and received some unidentified medical treatment (Court File No. 4).

V.      Analysis

To state a viable § 1983 claim, a plaintiff must allege : (1) he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States; and (2) the deprivation was caused by a person while acting under color of state law. *Flagg Bros. Inc. v. Brooks,* 436 U.S. 149, 155-156 (1978); *Brock v. McWherter,* 94 F.3d 242, 244 (6th Cir. 1996). Although the Federal Rules of Civil Procedure do not require a plaintiff to set out in detail the facts underlying the claim, the plaintiff must provide sufficient allegations to give defendants fair notice of the claims against them. *Leatherman v. Tarrant County Narcotic Intelligence & Coordination Unit,* 507 U.S. 163, 168 (1993). To state a § 1983 claim, Plaintiff must allege sufficient facts that, if true, would establish the defendants deprived him of a right secured by the Constitution of the United States while they acted under color of law. *See Brock,* 94 F.3d at 244.

In analyzing a § 1983 claim, the Court must initially determine whether Plaintiff possessed a federal constitutional right that has been invaded. Plaintiff alleges he was denied his Eighth Amendment right to receive timely medical treatment.

    A.    <u>**Medical Claim**</u>

Plaintiff complains he notified jail personnel he cut his finger and it was bleeding at approximately 3:00 p.m. but did not receive medical care until approximately 10:00 p.m. that evening (Court File No. 4).

In order to support a § 1983 claim for a constitutional violation of his right to medical care, Plaintiff must show that he had an objectively serious medical condition; Defendants knew of the condition and were deliberately indifferent to treating him; and this indifference caused him some injury. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are serious." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (internal punctuation and citation omitted). An objectively serious medical condition is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). "A medical condition need not be life-threatening to be serious; rather, it could be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated." *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010) (citation omitted). Thus, "where denial or delay causes an inmate to suffer a life-long handicap or permanent loss, the medical need is considered serious." *Monmouth County Correctional Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3rd Cir. 1987) (collecting cases). Minor cuts, bruises, and injuries do not constitute such a serious medical need. *See, e.g., Lockett v. Surardini,* 526 F.3d 866, 876 (6th Cir. 2008) (minor lacerations and cuts and soreness in two fingers did not constitute serious medical needs); *Blackmore v. Kalamazoo County*, 390 F.3d 890, 898 (6th Cir. 2004) (citing cases involving unobvious and minor injuries that did not support Eighth Amendment

claims, including minor cuts and bruises resulting from a glass splinter that did not require stitches or painkillers); *Wesson v. Oglesby*, 910 F.2d 278, 284 (5th Cir. 1990) (swollen wrists with some bleeding did not constitute a serious medical need).

Viewing the facts in the light most favorable to Plaintiff, the Court concludes Plaintiff cannot demonstrate an Eighth Amendment claim against Defendants with respect to the treatment of his cut finger. While Plaintiff's injury was no doubt bleeding and presumably, although Plaintiff does not make such an allegation, painful to some extent, the Court does not view a bleeding finger, in and of itself, as a serious medical need for purposes of a federal constitutional violation. Indeed, most non-prisoners would not even have a cut and bleeding finger treated at a hospital, clinic, or doctor's office unless the person thought it needed stitches or that the finger was broken; neither of which Plaintiff alleges.

Plaintiff has failed to present any evidence to support a finding that he suffered from a serious medical condition. There is nothing in Plaintiff's complaint that indicates the failure to treat his cut finger could result in further significant injury or the unnecessary and wanton infliction of pain. A bleeding finger, in and of itself, is not an uncommon result of a mild finger cut and absent other circumstances does not amount to an objectively serious medical condition. Plaintiff does not claim his finger was broken or needed stitches, that he became weak due to substantial blood loss, or that his finger became infected. *See Napier v. Madison County, Ky.,* 238 F.3d 739, 742 (6th Cir. 2001) (To succeed on a claim alleging delayed medical treatment amounted to a constitutional violation, a prisoner "must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment."); *but see Blackmore v. Kalamazoo County*, 390 F.3d at 900 (holding that where a plaintiff's claims arise from an injury or illness so obvious that

7

even a layperson would easily recognize the necessity for a doctor's attention, the plaintiff need not present verifying medical evidence to show that, even after receiving the delayed necessary treatment, his medical condition worsened or deteriorated). Here, there is nothing in the record from which the Court can conclude Plaintiff's cut bleeding finger was of the nature that "even a layperson would easily recognize the necessity for a doctor's attention[.]" *Id.* Absent more details than what is provided in the complaint, the Court is unable to even infer that the finger-cut may have been a serious medical condition. Consequently, in light of the evidence, Plaintiff has not shown the alleged deprivation was sufficiently serious and therefore, cannot satisfy the objective component of the applicable test from *Estelle*.

In addition, to properly establish a violation of 42 U.S.C. § 1983 for failure to provide adequate medical care, a prisoner must prove prison officials acted with deliberate indifference to a serious medical need. *Estelle v. Gamble,* 429 U.S. at 103-04. Here, Plaintiff has not demonstrated deliberate indifference to his medical need as he avers once he notified and showed Deputy Planner and Deputy Thomas he cut his finger, they told him they would contact medical. Indeed, Deputy Planner subsequently told Plaintiff he had actually notified medical but since he was not bleeding to death or dying he would have to wait until they could get to him. At approximately 9:00 p.m., Nurse Jeff was dispensing the night medication to inmates and saw Plaintiff's finger and told him he would call him down to medical which he did at approximately one hour later (Court File No. 4). Plaintiff does not complain about the medical treatment he received once he was called to medical, and the medical staff's triaging of Plaintiff's treatment does not demonstrate the "obduracy and wantonness . . . that characterize the conduct prohibited by the Cruel and Unusual Punishment Clause[.]" *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Consequently, Plaintiff has not shown the

8

prison guards exhibited deliberate indifference by intentionally denying or delaying access to medical care or that the prison medical staff exhibited indifference in their response to Plaintiff's medical needs, as required by *Estelle*. *Id.* at 104-05.

In sum, the record lacks any evidence indicating Plaintiff had a serious medical need or that he was deprived of medical treatment. Because Plaintiff has failed to demonstrate he suffered from a serious medical need and the defendants were deliberately indifferent in their response to his cut finger, he has failed to state a cause of action under § 1983. Accordingly, Plaintiff's claim he received tardy medical treatment in violation of his Eighth Amendment right will be **DISMISSED** for failing to state a claim upon which relief can be granted (Court File Nos. 2, 4).

### B.     *Request for Injunction*

Plaintiff claims that some of the defendants harass him by laughing "at the situation[.]" (Court File No. 4). Plaintiff further claims he needs to file an "injunction that will protect" him while he is in custody and this complaint is pending (Court File No. 4).

To prevail on a request for injunctive relief, Plaintiff must show a likelihood of success on the merits of the underlying controversy and the possibility of irreparable injury. In addition to these two requirements, the Court also considers whether issuance of a preliminary injunction would cause substantial harm to others and whether the public interest would be served by issuing the injunction. *Lear v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000). The standard for a temporary restraining order is generally the same as the standard for a preliminary injunction. *See New Motor Vehicle Bd. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n. 2 (1977). A temporary restraining order and a preliminary injunction are extraordinary remedies "which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v.*

*Lexington-Fayette Urban Co. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

Here Plaintiff's complaint is being dismissed for failure to state a claim upon which relief may be granted, thus he is unable to show a likelihood of success on the merits of the underlying controversy. In addition, he has not even alleged the possibility of irreparable injury, thus the Court need not address the substantial harm and public interest elements. Accordingly, to the extent Plaintiff requests an injunction, it is **DENIED** (Court File No. 4).

## VI. Conclusion

Plaintiff's complaint does not allege any acts or omission on the part of the defendants sufficiently harmful to evidence deliberate indifference to a serious medical need. Hence, he has failed to raise a claim under the Eighth Amendment. The facts presented simply do not make out a claim for deprivation of federally protected civil rights. Accordingly, Plaintiff's § 1983 complaint will be **DISMISSED** *sua sponte* in its entirety for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

A judgment will enter **DISMISSING** the Plaintiff's complaint in its entirety.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**